GRAham, Judge,
delivered the opinion of the court:
This .is a suit to recover the value of a barge and a load of sand thereon lost in a storm at sea. The facts are fully set out in the findings and it is unnecessary to rehearse them.
The barge with its .load of sand was moored by a rope to a cofferdam near the dock of the defendant, and owing to a sudden storm of wind, accompanied by heavy waves, the barge first began to sink and then, owing to the breaking of the rope by which it was attached to the cofferdam, it sank or apparently drifted away, as it was not afterwards located, though search was made.
The court has found that the place at which it was moored was a reasonably safe place for that purpose. The plaintiff towed the barge by tug and was prepared to deliver it at the wharf, but, under orders of the representative of the defendant, moored it to the cofferdam near the wharf and left it. This was the custom, the defendant afterwards *95 moving the barges down to the wharf and unloading them as suited its convenience. The barge had been moored about 36 hours before its loss.
The contract of the plaintiff called for the delivery of sand f. o. b. barge at the wharf of the defendant. It brought the sand in a barge prepared to deliver ,it at the wharf, and under orders of defendant moored it at the cofferdam near by and thus delivered the sand. This mooring was for the convenience of the defendant. The plaintiff had done all that it could or was called upon to do under its contract to make delivery. The defendant had possession of the sand. It must, therefore, be held that the plaintiff made delivery of the sand in compliance with ,its contract, and that the loss which thereafter occurred should be borne by the defendant. The pjLaintiff is entitled to recover the value of the sand, which the court has found to be $267.80.
As to the loss of the barge another question is presented. The court has found that the place where it was moored was a reasonably safe place for the purpose. It follows that the defendant, in directing it to be moored there, exercised ordinary care, and this under the law was all that it was called upon to exercise.
This was not a commercial wharf. The defendant was a consignee and not a wharfinger, and could not be held for anything but reasonable care. Conklin v. Staats Co., 161 Fed. 897, 899. But more than this, if danger there was, it appears to have been equally well known to the plaintiff, and where the facts as to danger are as well known to the plaintiff as to the defendant, the latter, though a wharfinger, would not be liabfe. Panama Railroad Co. v. Napier Shipping Co., 166 U. S. 280. Even a wharfinger, which the defendant was not, 'does not guarantee the safety of vessels coming to his wharf. He is only bound to exercise reasonable care and diligence in ascertaining the conditions. Smith v. Burnett, 173 U. S. 430.
But, aside from this, there are other elements to be considered. It appears that this barge was three years old, was not in good repair, with some of the deck planks missing, *96 and was unseaworthy in rough weather. It was of the deck-ligliter type, that is to say, the load was placed on the deck and not in the hold. On account of the said condition of the deck, due to the absence of deck planks, waves breaking-over would tend to fill the hold with water. More than this, the cause of the sinking and breaking away of the barge was an unusual storm, which blew up suddenly, with high winds and waves. This weather condition was an occurrence for which the defendant can not be held responsible. It was an inevitable occurrence (see Meyer v. Pennsylvania R. Co., 125 Fed. 428), and certainly, taken in connection with the condition of the barge and the fact that the place where it was moored was an ordinarily safe place, the defendant can not be held liable for its loss. It is true that the plaintiff objected to mooring the barge at the wharf as not being a safe |3lace, but in view of the fact that it had been the custom for some time previous to anchor barges there, and of the finding of the court that this was a reasonably safe place, its protest is not of weight. Certainly it is apparent that the plaintiff had equal knowledge and opportunities for knowing the character of the place. In the face of its opinion that it was a dangerous place, it nevertheless moored the barge there. By deliberately placing its property in jeopardy it could not thereafter hold the defendant liable for the loss by a mere notice that it would do so. It could have refused to moor at the place. It did not do so, but after protesting it finally acquiesced in the arrangement and moored the barge at the place designated. See Panama Railroad Co. case, supra.
The defendant therefore can not be he.ld liable for the loss of the barge. The plaintiff is entitled to recover for the value of the- sand in the sum of $267.80, and it is so ordered.
GeeeN, Jitdge; Moss, Judge; and Booth, Chief Justice. concur.